IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DENISE NOLDEN, formerly known as )
DENISE GREEN, )
                                                         )
            Plaintiff, )
                                                         )
v. )     Case No.   3:21-cv-03030-DJQ
                                                         )
THE ILLINOIS DEPARTMENT OF )
HUMAN SERVICES, )
                                                         )
            Defendant. )

**PRE-TRIAL ORDER**

      This matter came before the Court for a pre-trial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1(E) on July 24, 2025. James P. Baker appeared on behalf of the Plaintiff, Denise Green Nolden ["Nolden"], and Robert Hogue appeared on behalf of the Defendant, the Illinois Department of Human Services ["Department"].

**STATEMENT OF JURISDICTION AND NATURE OF THE CLAIM**

      This action is maintained under the terms of Title VII of the "Civil Rights Act of 1964" (42 U.S.C. §2000e). The jurisdiction of this Court was invoked pursuant to the terms of Title 42, U.S.C. Sections 2000e-2 and 2000e-5 and 28 U.S.C. Sections 1331 and 1362.

      Nolden, an African-American female, is employed by the Department in its Division of Mental Health. She claims that the Department, largely through the conduct of the Division's Chief of Staff, acted out against her through a variety of ways and in so doing created a hostile

work environment. She further claims that if everything else had been the same except for her race, the complained conduct would not have occurred.

The Department denies that its conduct created a hostile work environment for Nolden. It further denies that any conduct directed at Nolden was done because of her race. Finally, it denies that Nolden sustained any damage.

## UNCONTESTED ISSUES OF FACT

Appended to this order as Exhibit A is a stipulation previously entered into by the parties of uncontested facts.

## UNCONTESTED ISSUES OF LAW

1. The Department is an employer within the meaning of Title VII of the "Civil Rights Act of 1964."

## CONTESTED ISSUES OF FACT

1. Whether a reasonable person being subjected to the same treatment that Nolden received would view her work environment as hostile?

2. Whether John Dimick received better treatment than did Nolden?

3. Whether, if everything else but Nolden's race had been the same, she would have received the treatment she complains of in this case?

4. Whether Nolden was damaged by the conduct of the Department?

5. If Nolden was damaged by the Department's conduct, what was the extent of her damages?

## CONTESTED ISSUES OF LAW

1. Whether the treatment of Christine McLemore toward other African-American employees in the Division is probative circumstantial evidence of race discrimination in a disparate treatment case.

2. Was Nolden's workplace environment sufficiently altered in a negative respect by the complained conduct so as to create a materially adverse employment action?

3. Was Nolden's removal from her temporary assignment as a regional director a materially adverse employment action?

4. Was docking Nolden's salary a materially adverse employment action?

5. Whether the *Burlington Industries v. Elerth*, 524 U.S. 742 (1998) affirmative defense is available to the Department.

6. Whether Nolden timely initiated the above captioned proceeding as well as the administrative proceeding before the Illinois Department of Human Rights as required by the laws referred to above.

7. Whether Nolden and John Dimick, by virtue of the positions each held in the Division, were similarly situated.

8. Whether Nolden and Shawn Tobin, by virtue of working in Public Service Administrator positions in the Division, were similarly situated.

9. Whether Christine McLemore held a supervisory position for the Department as that term is defined in Title VII.

10. The Department's attempted termination and resulting suspension of Nolden constitutes a material adverse employment action.

## STIPULATED USE OF DEPOSITIONS

Both parties also reserve the right to offer into evidence any depositions, or portions thereof, as provided for as to parties and non-party witnesses under the Federal Rule of Civil Procedure.

## WITNESSES

Appended to this Order as Exhibits B and C are the witnesses that Nolden and the Department respectively intend to call at trial.

## JURY DEMAND

Nolden has previously demanded that all the issues in this proceeding be tried by jury. Because no waiver of that demand has been made, this proceeding shall be tried before a jury. The Court shall determine whether Nolden is entitled to equitable damages including backpay.

## EXHIBITS

Appended to this order as Exhibits D and E are the exhibit lists of Nolden and the Department respectively, which each intends to admit into evidence at trial.

## DAMAGES

Nolden seeks monetary damages for lost wages arising because of the Department's conduct. Additionally, Nolden seeks compensatory damages for mental and emotional distress, embarrassment, humiliation and the loss of enjoyment of life.

The Department denies Nolden's entitlement to an award of damages.

## PROPOSED JURY INSTRUCTIONS

The parties have earlier submitted to the Court their proposed jury instructions.

## GENERAL ADDITIONAL

Neither side shall present evidence through the use of expert witnesses.

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other party prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of trial will be four (4) or fewer full days.

This pre-trial order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the Court's own motion.

___July 24, 2025___  
DATE

___[signature]___  
JUDGE

Approved as to form and substance:

Illinois Department of Human Services, Defendant

By: /s/ Robert Hogue  
Attorney General's Office  
500 South Second Street  
Springfield, Illinois  62701  
Email:  robert.hogue@ilag.gov

Denise Green Nolden, Plaintiff

By:  /s/ James P. Baker  
James P. Baker  
Bar Number: 0097802  
Baker, Baker & Krajewski, LLC  
415 South Seventh Street  
Springfield, Illinois  62701  
Telephone:  (217) 522-3445  
Facsimile:  (217) 522-8234  
E-mail:  jpb@bbklegal.com  
(Pretrial / nolden green denise pretrial order federal 071425)

6

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DENISE NOLDEN, formerly known as DENISE GREEN, </br></br>　　　　　Plaintiff, </br></br>　v. </br></br>THE ILLINOIS DEPARTMENT OF HUMAN SERVICES, </br></br>　　　　　Defendant. | )</br>)</br>)</br>)</br>)</br>)　Case No.  3:21-cv-03030-DJQ</br>)</br>)</br>)</br>)</br>) |

## STATEMENT OF UNCONTESTED FACTS

COME NOW the Plaintiff, Denise Green Nolden, by and through her attorney, James P. Baker, and the Defendant, Illinois Department of Human Services, by and through its attorney, Robert Hogue, and do by this instrument stipulate and agree that certain facts are not in dispute in the above captioned proceeding. The parties further agree that the following statement of uncontested facts may be read to the finder of fact and be considered by it along with all other evidence presented in this proceeding in deciding the issues in dispute in the above proceeding.

The statement of facts which are not in dispute are as follows:

1. That Denise Green Nolden began working for the Illinois Department of Human Services as a public service administrator in 2010. Throughout her employment, she worked in its Division of Mental Health.

1

2. Christine McLemore began working for the Department of Human Services on February 16, 2016. At times relevant to this case, she served as the Chief of Staff of the Division of Mental Health.

Approved as to form and substance:

Illinois Department of Human Services, Defendant

By: /s/ Robert Hogue
Attorney General's Office
500 South Second Street
Springfield, Illinois   62701
Email: robert.hogue@ilag.gov

Denise Green Nolden, Plaintiff

By:   /s/ James P. Baker
     James P. Baker
     Bar Number: 0097802
     Baker, Baker & Krajewski, LLC
     415 South Seventh Street
     Springfield, Illinois   62701
     Telephone:  (217) 522-3445
     Facsimile:  (217) 522-8234
     E-mail:  jpb@bbklegal.com
     (Pretrial / nolden green denise undisputed facts 071525)

# EXHIBIT B

## Witness List of Denise Green Nolden

1. Denise Green Nolden
2. Dan Wasmer
3. Luvenia Hunter
4. Charles Hopkins
5. Christine McLemore – adverse witness
6. Shawn Tobin
7. Tiffany Clark-Lacey
8. Jessina Williams
9. John Dimick
10. Sandy Vicari
11. Diane Knabe
12. Donnie Killen
13. Brenda Schrader

(pretrial / green denise witnesses 062325)

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

DENISE GREEN, )
  )
    Plaintiff, )
  )  Case No. 21-3030-DJQ
-vs- )
  )
ILLINOIS DEPARTMENT OF )
HUMAN SERVICES, )
  )
    Defendant. )

## DEFENDANT'S WITNESS LIST

| Name | Address | Relation to case |
|---|---|---|
| Denise Nolden f/k/a Green (adverse) | Can be contacted through counsel | Plaintiff |
| Christine McLemore | Can be contacted through counsel | Former Chief of Staff in Mental Health Division |
| Melissa Bringle | Can be contacted through counsel | Employee of Defendant |
| Steven A. Clark | Can be contacted through counsel | Employee of Defendant |

    Respectfully submitted,

    ILLINOIS DEPARTMENT OF
    HUMAN SERVICES,

    Defendant,

    KWAME RAOUL, Illinois Attorney General,

    Attorney for Defendant,

Robert Hogue III, #6318000
Assistant Attorney General
500 South Second Street
Springfield, IL 62701     By:   s/Robert Hogue, III
(217) 782-5819 Phone           Robert Hogue, III #6318000
(217) 524-5091 Fax           Assistant Attorney General
Email: robert.hogue@ilag.gov

Page 1 of 1

Case No. 21-cv-3030-DJQ

# EXHIBIT D

## Exhibit List of Denise Green Nolden

1. Group Exhibit 1 - Performance Evaluations of Denise Green

2. Group Exhibit 2 - Temporary Assignment Authorization for Denise Bartelheim to the position of Executive Director of Regions 3 and 4

3. Exhibit 3 - Office of Executive Inspector General Referral of John Dimick

4. Exhibit 4 - Investigation of John Dimick's Misuse of State time

5. Exhibit 5 - Christine McLemore – Memorandum to Robert Grindle re: OEIG complaint 13-00793

6. Exhibit 6 - Office of Executive Inspector General December 16, 2017 letter and enclosure to the Illinois Department of Human Services

7. Exhibit 7 - June 15, 2018 Christine McLemore memorandum to Denise Green regarding a pre-disciplinary hearing

8. Exhibit 8 - June 22, 2018 Rebuttal of Denise Green

9. Exhibit 9 - July 13, 2022 Memorandum from Christine McLemore to Denise Green

10. Exhibit 10 - Statement of Charges (effective date July 30, 2018)

11. Exhibit 11 - August 28, 2018 Memorandum from Colleen Alderman to Lori Simmon

12. Group Exhibit 12 - Statement of Charges and related documents Denise Green – 30 day suspension July 30, 2018

13. Exhibit 13 - CMS August 30, 2018 CMS Personnel Action Form – Denise Green/Return from suspension

14. Exhibit 14 - Denise Green – cubicle assignment grievance

15. Exhibit 15 - Bureau of Civil Affairs -January 24, 2019 letter to Christine McLemore

16. Exhibit 16 – Right to Sue Notice

(pretrial / green denise exhibits 071425)

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| DENISE GREEN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| -vs- | ) ) ) | Case No. 21-3030-DJQ |
| ILLINOIS DEPARTMENT OF HUMAN SERVICES, | ) ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S EXHIBIT LIST

| Presiding Judge | Plaintiff's Counsel | Defendant's Counsel |
|---|---|---|
| Hon. Douglas J. Quivey | James Baker | Robert Hogue |
| **Trial Dates** August 4-8, 2025 | Court Reporter | Courtroom Deputy |

| No: | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 1 | Bates 1411-1416; Plaintiff's job duties | | | |
| 2 | Bates 1417-1421; CMS 104 for Plaintiff's job. | | | |
| 3 | Bates 811-813; Email re: moving position to Springfield | | | |
| 4 | Bates 870-871; Instructions regarding work away | | | |

Case No. 21-cv-3030-DJQ                                                                 Page 1 of 3

| | | | | |
|---|---|---|---|---|
| 5 | Bates 229-232; Plaintiff's statements to BCA | | | |
| 6 | Bates 704-707; Timekeeping sheets for Plaintiff | | | |
| 7 | Bates 18-31; Interview between Plaintiff and McLemore re: time abuse | | | |
| 8 | Bates 255-256; CMS documentation regarding suspension | | | |
| 9 | Bates 2612-2612; Grievance paperwork | | | |
| 10 | Bates 2706 to 2708; Complaint made to OEIG re: time abuse | | | |
| 11 | Bates 2709-2758; Plaintiff's complaints re: treatment | | | |
| 12 | Bates 1-221; Discharge packet | | | |

Respectfully submitted,

ILLINOIS DEPARTMENT OF
HUMAN SERVICES,

Defendant,

KWAME RAOUL, Illinois Attorney General,

Attorney for Defendant,

Robert Hogue III, #6318000
Assistant Attorney General

<div style="display: flex;">

500 South Second Street  
Springfield, IL 62701  
(217) 782-5819 Phone  
(217) 524-5091 Fax  
Email: robert.hogue@ilag.gov  

By:   s/Robert Hogue, III  
     Robert Hogue, III #6318000  
     Assistant Attorney General  

</div>